# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KISHAUNTA MICKENS,**

    **Plaintiff,**

v.

**SWEET TWIST FROZEN YOGURT, LLC,**

    **Defendant.**

Case No. 2:20-cv-2244
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

The matter before the Court is Plaintiff Kishaunta Mickens' ("Plaintiff") Motion for Default Judgment against Defendant Sweet Twist Frozen Yogurt, LLC ("Defendant"). (ECF No. 19). Defendant has not opposed Plaintiff's motion. For the following reasons, Plaintiff's Motion for Default Judgment (ECF No. 19) is **GRANTED**.

## I.

Plaintiff filed this case against Defendant on May 1, 2020. The Complaint asserts one count of failure to pay overtime under the Fair Labor Standards Act ("FLSA"), one count of failure to pay overtime under Ohio Revised Code § 4111.03, and one count of failure to promptly pay wages under Ohio Revised Code § 4113.15. (*See* Compl., ECF No. 1). Plaintiff moved for, and obtained, an entry of default against Defendant when Defendant failed to answer or otherwise respond to Plaintiff's Complaint. (*See* Entry Default, ECF No 16). Since the entry of default, Defendant has not answered or otherwise responded.[1] As such, Plaintiff now requests that the Court grant default judgment against Defendant on all claims. (*See* Mot. Default J., ECF No. 19).

---

[1] Though, a managing-member of the Defendant LLC has written several letters seeking to represent the LLC or have counsel appointed due to the apparent insolvency of the Defendant. (*E.g.*, ECF Nos. 5, 8, 20).

Because of the default entry, the Court takes Plaintiff's allegations regarding liability as true. *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983). The Court relates those allegations below.

Defendant owns and operates frozen yogurt retail stores located in hospitals throughout the State of Ohio. (Compl. at ¶ 10). Defendant employed Plaintiff as a non-exempt, hourly employee between November 2018 and March 2020. (*Id.* at ¶ 5). Plaintiff worked more than forty (40) hours in given workweeks without receiving an overtime rate of pay for overtime hours worked. (*Id.* at ¶ 26). Defendant failed to keep adequate records of Plaintiff's hours worked. (*See id.* at ¶ 29). Defendant's failure to pay Plaintiff an overtime premium for hours worked in excess of forty (40) per workweek and keep adequate records was willful and with reckless disregard of the FLSA. (*Id.* at ¶¶ 29, 57, 60, 62). Plaintiff seeks a total of $11,150.00. (Mot. Default J. at 7, ECF No. 19). For support, Plaintiff submits her own affidavit attesting to the amount owed based on the overtime hours she worked, (Ex. A, ECF No. 19-1), and Plaintiff's attorney, Matthew J.P. Coffman submits an affidavit attesting to the amount of attorney's fees and costs accrued (Ex. B, ECF No. 19-2).

## II.

Pursuant to Federal Rule of Civil Procedure 55, before obtaining a default judgement against a defendant who has failed to plead or otherwise defend, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.

A party that is in default for failure to file an answer is deemed to have admitted all of the material allegations in the complaint. *See* Fed. R. Civ. P. 8(D). Here, default has properly been

entered against Defendant and thus, it is deemed to have admitted that it failed to pay Plaintiff overtime in accordance with both federal and state law, and that payment was not prompt as required under state law. The Court finds the Complaint sufficiently establishes liability for each of these claims. Thus, Plaintiff's motion with regard to liability is **GRANTED**. The Court moves to Plaintiff's request for damages.

### III.

Even when a Plaintiff's well-plead allegations have established liability, the plaintiff "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).

Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")). The Court finds an evidentiary hearing unnecessary in this case.

Plaintiff asserts violations of the FLSA, the Ohio Minimum Fair Wage Act (Ohio Rev. Code §§ 4111.03 and 4111.08), and the Ohio Prompt Pay Act (Ohio Rev. Code § 4113.15). Ohio law incorporates the FLSA's definitions, standards, and principles for its overtime compensation

3

provisions.² Ohio Const. Art. II, § 34a; Ohio Rev. Code §§ 4111.02–03. Accordingly, the claims for damages may be analyzed together. *See Thomas v. Speedway Super Am., LLC*, 506 F.3d 496, 501 (6th Cir. 2007). Regarding the Ohio Prompt Pay Act, damages amount to "six per cent of the amount of the claim . . . or two hundred dollars, whichever is greater." Ohio Rev. Code § 4113.15(B).

Plaintiff asserts she is entitled to $900.00 in unpaid wages, $200.00 for Ohio Prompt Pay Act violations, and $900.00 in liquidated damages, for a total of $2,000.00. (Ex. A at ¶ 15, ECF No. 19-1). "[A]n employee bringing . . . suit [under the FLSA] has the 'burden of proving he performed work for which he was not properly compensated.'" *Monroe FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery CO.*, 328 U.S. 680, 686–87 (1946)). "Estimates may suffice under this standard because 'inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records.'" *Long v. Morgan*, 451 F. Supp. 3d 830, 833 (M.D. Tenn. 2020) (citing *Monroe*, 860 F.3d at 412).

Plaintiff has provided an affidavit attesting to her damages. (*See* Ex. A, ECF No. 19-1). The Court finds Plaintiff's affidavit sufficient evidence to show the damages in this case. Plaintiff states that she was not paid at an overtime rate for 120 hours of overtime work. (Ex. A at ¶ 13, ECF No. 19-1). Plaintiff's regular rate of pay was $15.00 per hour, resulting in an additional $7.50 per hour of unpaid wages for a total of $900.00. Defendant has not come forth with any evidence disputing the estimate or detailing any different or more precise number of hours Plaintiff worked. Thus, the Court will grant the motion for damages based on the unopposed affidavit. The Court

---

² There is one exception. Ohio law permits the recovery of overtime wages but does not provide for liquidated damages. *See* Ohio Rev. Code § 4111.10(A).

also finds Plaintiff is entitled to liquidated damages based on the amount of overtime she is owed because there is no evidence to suggest Defendant acted in good faith.

In addition, Plaintiff requests post-judgement interest. (Mot. Default J. at 7, ECF No. 19). The Court finds post-judgment interest is appropriate pursuant to 28 U.S.C. § 1961(a). In calculating post-judgment interest, the rate of the 52-week Treasury Bill is an appropriate rate. *Id.* (citing 28 U.S.C. § 1961); *Isaac Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998). As of May 19, 2021, this rate was .05%.[3] Compounded annually, this yields $0.0027 in interest per day.[4] Accordingly, Plaintiff is entitled to post-judgment interest from the date judgment is entered at a rate of $0.0027 per day, until the judgment is paid.

## IV.

Finally, Plaintiff asks the Court to allow attorney's fees and costs. If an employer is found liable under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs to the action." 29 U.S.C. § 216(b). With regard to attorney fees, a plaintiff "bears the burden" of proving the reasonableness of the requested fees and expenses. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). Generally, to determine what is reasonable the Court calculates the loadstar amount, which is calculated by "multiplying the reasonable number of hours billed by a reasonable billing rate[.]" *Id.* at 471. There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (quotation omitted). In determining the reasonableness of fees, the Court is cognizant that "[t]he purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for

---

[3] *See* https://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=billrates Accessed May 19, 2020.
[4] .0005/365 x $2,000 = $.0027

prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Further, "an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Id.* at 1134–35.

Plaintiff requests a total of $8,650.00 in attorneys' fees, and $500 in costs. (Mot. Default J. at 7. ECF No. 19). Plaintiff asserts Matthew J.P. Coffman spent 7.9 hours on this case and his hourly rate is $350.00, Adam C. Gedling spent 17.7 hours on this case and his hourly rate is $300.00, and Kelsie Hendren (a law clerk), spend 5.0 hours on this case and her hourly rate is $115.00. (Coffman Decl. at ¶ 31, ECF No. 19-2). This fee request is supported by an itemized list of the dates on which the attorneys and law clerk worked on this case, a description of this work, and the amount of time spent on the work. (Ex. 1, ECF No. 19-2). The reasonableness of such fee is supported by Mr. Coffman's affidavit. (Ex. B, ECF No. 19-2). Mr. Coffman asserts that he took steps to avoid excessive, redundant, or duplicative hours during the litigation of this matter, and that he reduced or excluded certain hours. (Ex. B at ¶ 27).

The Court has reviewed the billing statement. The Court finds the documentation is "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 2984). Thus, the Court finds the loadstar is $8,650.00.

The lodestar amount may be adjusted upwards or downwards based on a twelve-fact test. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). Plaintiff has not requested an upward adjustment. Accordingly, the Court finds that the Plaintiff is entitled to the requested fee award of $8,650.00.

Plaintiff also seeks to recover $500.00 in costs which consists of a $400.00 complaint filing fee and $100.00 in service costs. (Ex. B at ¶ 34). The Court finds these costs reasonable and necessary to the litigation. Thus, the Court will allow recovery of $500.00 in costs.

**V.**

For the reasons stated, Plaintiff's motion for default judgment against Defendant (ECF No. 19) is **GRANTED**. The Clerk is **DIRECTED** to enter judgement in favor of Plaintiff and close this case.

   **IT IS SO ORDERED**.


<u>5/24/2021</u>                                            <u>s/Edmund A. Sargus, Jr.</u>
**DATED**                                            **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**